STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MI-
CHAEL MUSSIKEE AND JOSEPH H. HORNE, PLAIN-
TIFFS IN ERROR.

Submitted May term, 1927—Decided November 15, 1927.

Crimes—Burning Factory Building—Fire of Incendiary Origin—
Defendant Horne, President of Two Companies, One the
Owner, the Other the Occupant—Evidence Circumstantial
but Reasonably Conclusive—Conviction Justified.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the plaintiffs in error, *Merritt Lane* and *Kessler &
Kessler*.

For the defendant in error, *Joseph L. Smith,* prosecutor of
the pleas; *John O. Bigelow* (special counsel), and *J. Victor
D'Aloia,* first assistant prosecutor of the pleas.

PER CURIAM.

The plaintiffs in error were convicted on an indictment
charging the burning, causing to be burned, and aiding and
consenting to the burning, of a factory building in West
Orange. This is the second trial of the case, a former convic-
tion having been reversed in this court for error in rulings
on evidence and in the court's charge. *State* v. *Mussikee,*
101 *N. J. L.* 268.

The indictment is attacked on various grounds, but like
objections were urged and passed on by the court when the
case was here before. These will therefore not be now con-
sidered.

The principal grounds urged for reversal are that the
evidence was insufficient to justify a conviction; that even if
sufficient, the verdict was clearly against the weight of the
evidence; that there was error in rulings on evidence and on

motions for a mistrial, and finally, that the court erred in its charge, and also in its refusal to charge certain requests submitted by the defendants.

Our examination of the record leads us to the conclusion that none of the assignments of error or specifications of causes for reversal (the case is here on bill of exceptions and also under the one hundred and thirty-sixth section of the Criminal Procedure act—*Comp. Stat., p.* 1863), afford ground for reversal.

The evidence produced by the state clearly required submission of the case to the jury. While circumstantial, it pointed with reasonable certainty to the defendants as guilty incendiaries. The defendant Horne was president of two corporations—one the Merritt Products Company, the other the Horne Realty Company, of which he was also the largest stockholder. The latter company owned the building, and the former occupied it, carrying on the business of manufacturing automobile accessories, &c. There was proof that the fire was of incendiary character in that it originated at different points in the factory; that the defendants had in the fall preceding endeavored to procure two other persons (witnesses at the trial) to burn the factory, and that after the fire they negotiated with these witnesses, as well as with others (who would seem to have had some information that was not pleasing to the defendants), looking to payment for the job. There was proof that the fire occurred shortly after midnight on January 6th, 1924; that the factory was usually closed on Saturday afternoons, but that on the Saturday afternoon preceding the fire Horne was at the factory, and that a motor car resembling Horne's was standing in front of the building that evening from nine to ten-thirty o'clock.

We think this, with other circumstances indicating guilty knowledge, was sufficient to justify conviction. Nor are we persuaded that the verdict should be disturbed on the weight of evidence. Upon substantially the same proofs plaintiffs in error have been twice convicted of the charge made against them, and the jury was, as we think, warranted in the conclusion it reached.

The rulings on evidence do not call for extended discussion. The statements made by Mussikee, on one hand, and Horne on the other, were carefully restricted by the court to their effect on the respective defendants by whom the statements were made. The motions for mistrial were all within the sound discretion of the trial judge, and we think their denial was not an abuse of such discretion.

The requests to charge, in so far as they properly stated applicable principles of law, were adequately dealt with by the court in its general charge.

At the conclusion of the summing up, additional requests were presented to the trial judge, by counsel for the defendant Horne, based on what counsel stated was the summing up of the prosecutor. We perceive nothing in the prosecutor's argument justifying the presentation of the requests, otherwise presented out of time, and the court was right in refusing to consider them.

The judgment is affirmed.